# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ROGER CAMPAGNA and TIM SCOGGINS | : |
| | : |
| Plaintiffs, | : |
| | : CIVIL ACTION |
| v. | : FILE NO.: _____ |
| | : |
| LIFEPOINT HOSPITALS, INC. (d/b/a Rockdale Medical Center) and ROCKDALE MEDICAL CENTER, INC. | : |
| | : **Jury Trial Demanded** |
| Defendants. | : |

## COMPLAINT

Plaintiffs Roger Campagna and Tim Scoggins file this Complaint against Defendant LifePoint Hospitals, Inc. (d/b/a Rockdale Medical Center) and Defendant Rockdale Medical Center, Inc., and show this Court:

### NATURE OF THE ACTION

1.

This is an action for unpaid wages and overtime under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA").

## PARTIES

2.

Plaintiff Roger Campagna is a citizen who resides in Newton County in the State of Georgia.

3.

Plaintiff Tim Scoggins is a citizen who resides in Jasper County in the State of Georgia.

4.

Defendant LifePoint Hospital, Inc. is a corporation organized under the laws of the State of Delaware with its principal corporate offices in Brentwood, Tennessee. LifePoint Hospitals, Inc. ("LifePoint") is subject to an action under the FLSA. It has no registered agent located within this State. Therefore, it can be served with Summons and Complaint by several methods, including service upon the Secretary of State of Georgia (or his duly authorized agent or successor) or service upon its Registered Agent in Tennessee, CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, Tennessee, 37929.

5.

On or about February 1, 2009, LifePoint purchased and assumed control of Defendant Rockdale Medical Center, Inc.

6.

Defendant Rockdale Medical Center, Inc. is a corporation organized under the laws of the State of Georgia with its principal corporate offices in Conyers, Georgia. Rockdale Medical Center, Inc. is subject to an action under the FLSA and can be served with summons and complaint upon its Registered Agent, Laura French, 1892 Ga. Hwy. 138, SE, Conyers, Georgia 30013.

## JURISDICTION AND VENUE

7.

The claims brought in this lawsuit present federal questions and jurisdiction in this Court is proper under 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 216.

8.

Venue of this suit is proper in the Northern District of Georgia, Atlanta Division under 28 U.S.C. § 1391(b) and 29 U.S.C. § 216. The unlawful acts against Plaintiffs occurred in this judicial district and division. In addition,

Plaintiff Campagna resides in this judicial district and division and the Defendant(s) operates their business in this judicial district and division.

9.

Joinder of Plaintiffs' claims in this lawsuit is proper under Federal Rule of Civil Procedure 20(a) and 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

10.

Plaintiff Tim Scoggins was hired by Defendant as a general maintenance mechanic at or around September 2003. His title changed to plumber on or about January 2009. Scoggins was paid an hourly wage and was not exempt from the overtime provisions of the FLSA.

11.

Plaintiff Roger Campagna was hired by Defendant as an electrician on February 27, 2006. Campagna was paid an hourly wage and was not exempt from the overtime provisions of the FLSA.

12.

Except for emergency on call time, both Scoggins and Campagna were scheduled to work five shifts a week that lasted for 8 1/2 hours a shift. Both were scheduled to work forty hours a week.

13.

Both Scoggins and Campagna were supposed to be provided a thirty minute lunch break for each shift. They were not paid for their alleged lunch breaks.

14.

Both Scoggins and Campagna were always on call during these lunch breaks.

15.

While other employees were allowed to leave the Rockdale Medical Center premises during their lunch break, the Operations Manager, Vincent Buchanan, prohibited Scoggins and Campagna from doing so.

16.

Buchanan also informed Scoggins and Campagna that they must immediately respond to all calls during their lunch break. Buchanan threatened to write them up if they did not.

17.

Will Roddy, Director of Facilities, informed Campagna, Scoggins, and Thomas Robertson (a general maintenance mechanic) that they must respond to all calls during their lunch breaks.

18.

Unlike Plaintiffs, Robertson is still employed by Defendants. He is still subject to having to respond to all calls during his lunch break, but he is not paid for such time.

19.

Both Scoggins and Campagna were interrupted during their lunch break as much as four to five times per week.

20.

Scoggins and Campagna were not paid for the thirty minute lunch breaks for which they were always on call.

21.

Defendants did not pay Plaintiffs for the half hour lunch break even when they worked through all or part of the break.

22.

Many of these unpaid hours were due to be paid at the overtime rate. But Defendants did not pay such overtime to Plaintiffs.

## COUNT ONE
## FAILURE TO PAY WAGES UNDER THE FLSA.

23.

Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of his Complaint as if fully set forth herein.

24.

Plaintiff was an employee within the meaning of the FLSA.

25.

Defendants are employers within the meaning of the FLSA.

26.

Defendants violated the FLSA by failing to pay Plaintiff for their alleged lunch breaks.

27.

Defendants knew or should have known that such actions violate the FLSA, and they not made a good faith effort to comply with the FLSA.

28.

Defendants knowingly, willfully, and/or with reckless disregard, failed to pay Plaintiffs such wages.

7

29.

As a result of Defendants' unlawful acts, Plaintiffs are entitled to recover the relief requested below.

## COUNT TWO
## FAILURE TO PAY OVERTIME UNDER THE FLSA.

30.

Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of his Complaint as if fully set forth herein.

31.

Defendants violated the FLSA by failing to pay Plaintiffs overtime for time worked in excess of forty hours per week.

32.

Defendants knew or should have known that such actions violate the FLSA, and they not made a good faith effort to comply with the FLSA.

33.

Defendants knowingly, willfully, and/or with reckless disregard, failed to pay Plaintiffs such overtime.

34.

As a result of Defendants' unlawful acts, Plaintiffs are entitled to recover the relief requested below.

WHEREFORE, Plaintiff prays:

a. That Summons issue requiring Defendants to answer the Complaint within the time provided by law;

b. That Plaintiffs be awarded a declaratory judgment that Defendants violated the FLSA when they failed to pay them for time spent on lunch breaks for which they were on call or actually worked.;

c. That Plaintiff be awarded a declaratory judgment that Defendants violated the FLSA when they failed to pay them overtime for hours worked in excess of forty hours per week;

d. That Plaintiff recover from Defendants unpaid wages and overtime;

e. That this Court order Defendants to pay Plaintiff front pay and benefits    in an amount sufficient to compensate Plaintiff;

f. That Plaintiff recover compensatory damages against Defendants in an amount to be determined by a jury;

g. That Plaintiff recover liquidated damages against Defendants under the FLSA;

h. That Plaintiff recover attorney's fees, expert fees, and costs of litigation;

i. That Plaintiff recover pre-judgment and post-judgment interest;

j.     That the Court award Plaintiff any other or further relief as it deems necessary and proper, or equitable and just.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS**

**Local Rule 7.1.D Certification:**

By signature below, counsel certifies that the foregoing pleading was prepared in Century Schoolbook, 13 point font in compliance with Local Rule 5.1B.

Respectfully submitted,

This 19th day of July, 2010.

| T. ROBERT REID, LLC | Lisa J. Sowers, P.C. |
|---|---|
| s/ Tilden Robert Reid, II | s/ Lisa J. Sowers_____ |
| T. Robert Reid | Lisa J. Sowers |
| Ga. Bar No. 600138 | Ga. Bar No. 072128 |
| 1030 Woodstock Road | 3522 Ashford Dunwoody Rd. |
| Suite 3112 | Suite 141 |
| Roswell, Georgia  30075 | Atlanta, Georgia  30319 |
| Telephone (678) 743-1064 | Telephone (404) 429-0059 |
| Facsimile (404) 549-4136 | Facsimile (404) 393-9072 |
| robreidattorney@gmail.com | ljsowers@gmail.com |
| Lead Attorney for Plaintiff | Attorney for Plaintiff |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TIM SCOGGINS and ROGER CAMPAGNA : | |
| : | |
| Plaintiffs, : | |
| : | CIVIL ACTION |
| v. : | FILE NO.: _____ |
| : | |
| LIFEPOINT HOSPITALS, INC. : | |
| (d/b/a Rockdale Medical Center) : | |
| and ROCKDALE MEDICAL : | |
| CENTER, INC. : | |
| : | **Jury Trial Demanded** |
| Defendants. : | |

## NOTICE OF CONSENT

I hereby consent to be a party plaintiff in this case, which is a suit to recover unpaid wages and overtime under the Fair Labor Standards Act.

Respectfully submitted this __19__th day of July, 2010.

_/s/ Tim Scoggins_
Tim Scoggins

# EXHIBIT 1

12

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TIM SCOGGINS and ROGER CAMPAGNA :<br><br>Plaintiffs, :<br><br>v. :<br><br>LIFEPOINT HOSPITALS, INC. :<br>(d/b/a Rockdale Medical Center) :<br>and ROCKDALE MEDICAL :<br>CENTER, INC. :<br><br>Defendants. : | CIVIL ACTION<br>FILE NO.: _____<br><br><br><br><br>**Jury Trial Demanded** |

## NOTICE OF CONSENT

I hereby consent to be a party plaintiff in this case, which is a suit to recover unpaid wages and overtime under the Fair Labor Standards Act.

Respectfully submitted this _19_th day of July, 2010.

_____
Roger Campagna

# EXHIBIT 2