## SETTLEMENT AGREEMENT AND GENERAL RELEASE OF CLAIMS

**PLEASE READ CAREFULLY. THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

This Settlement Agreement and General Release of Claims ("Agreement") is made and entered into by Roger Campagna ("Campagna"), Tim Scoggins ("Scoggins") (collectively "Plaintiffs") and Rockdale Medical Center, Inc. ("Old Rockdale"), Rockdale Hospital, LLC ("New Rockdale") and LifePoint Hospitals, Inc. ("LifePoint") on this the ___th day of December, 2010.

### WITNESSETH:

WHEREAS, prior to February 1, 2009, Plaintiffs were employed by Old Rockdale. Subsequent to that date, Plaintiffs were employed by New Rockdale. Campagna's employment with New Rockdale ended on August 11, 2009 and Scoggins' employment with New Rockdale was ended on July 2, 2009. LifePoint Hospitals, Inc. is the ultimate corporate parent of New Rockdale;

WHEREAS, Plaintiffs filed a lawsuit in the United States District Court for the Northern District of Georgia, Atlanta Division, captioned <u>Roger Campagna and Tim Scoggins v. LifePoint Hospitals, Inc. and Rockdale Medical Center, Inc.</u>, Case No. 1:10-cv-02254-GET, seeking damages and asserting that Old Rockdale and New Rockdale violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 <u>et seq.</u> (the "Lawsuit");

WHEREAS, there is a bona fide factual dispute regarding amounts allegedly owed to Plaintiffs by Old Rockdale and New Rockdale, and litigation to resolve the matter would be time-consuming, expensive, and not in the best interest of any of the parties. The parties desire to resolve fully and finally all differences between them that are or could have been the subject of the Lawsuit or that have arisen out of Plaintiffs' employment and all acts or omissions by Old Rockdale and New Rockdale against Plaintiffs up until the date of the execution of this Agreement, except as expressly set out herein;

NOW THEREFORE, for and in consideration of the mutual agreements, representations, covenants, and warranties set forth in the Agreement, the parties agree as follows:

1. **Consideration/Release/Covenant Not to Sue.**

(a) Old Rockdale and New Rockdale agree to pay in compromise and settlement, and Plaintiffs agree to accept in full accord and satisfaction of their claims including, but not limited to claims for back wages, front pay, benefits, compensatory damages, costs, interest, attorneys' fees, liquidated damages, and any other relief sought or that they could seek, the total sum of Twenty-Eight Thousand Sixty Dollars and 32/100 ($28,060.32) ("the Settlement Amount"), payable as follows:

(i) Five Thousand Six Hundred Twelve Dollars and 06/100 ($5,612.06) shall be made payable to T. Robert Reid, LLC (tax ID # 26-2033634) as attorneys' fees and costs;

(ii) Five Thousand Six Hundred Twelve Dollars and 06/100 ($5,612.06) shall be made payable to Lisa J. Sowers, P.C. (tax ID # 20-1335234) as attorneys' fees and costs;

(iii) Eight Thousand Six Hundred Fifty Dollars and 89/100 ($8,650.89) shall be made payable to Campagna, less appropriate federal and state withholding taxes as described below.

(iv) Eight Thousand One Hundred Eighty-Five Dollars and 31/100 ($8,185.31) shall be made payable to Scoggins, less appropriate federal and state withholding taxes as described below.

(b) The payments set forth in Paragraph 1(a)(i)-(iv) shall be paid as follows:

(i) The gross sum of Three Thousand Dollars and 00/100 Cents ($3,000.00), less appropriate federal and state withholdings, shall be paid by Old Rockdale to Campagna. In addition, the gross sum of Three Thousand Dollars and 00/100 Cents ($3,000.00) shall be paid by Old Rockdale to Campagna for liquidated damages and there shall be no withholding as to this amount for taxes.;

(ii) The gross sum of Three Thousand Dollars and 00/100 Cents ($3,000.00), less appropriate federal and state withholdings, shall be paid by Old Rockdale to Scoggins. In addition, the gross sum of Three Thousand Dollars and 00/100 Cents ($3,000.00) shall be paid by Old Rockdale to Scoggins for liquidated damages and there shall be no withholding as to this amount for taxes.;

(iii) The gross sum of One Thousand Three Hundred Twenty-Five Dollars and 45/100 Cents ($1,325.45) shall be paid by New Rockdale to

Campagna. In addition, the gross sum of One Thousand Three Hundred Twenty-Five Dollars and 44/100 Cents ($1,325.44) shall be paid by New Rockdale to Campagna for liquidated damages and there shall be no withholding as to this amount for taxes;

(iv) The gross sum of One Thousand Ninety-Two Dollars and 66/100 Cents ($1,092.66) shall be paid by New Rockdale to Scoggins. In addition, the gross sum of One Thousand Ninety-Two Dollars and 66/100 Cents ($1,092.66) shall be paid by New Rockdale to Scoggins for liquidated damages and there shall be no withholding as to this amount for taxes;

(v) The gross sum of Four Thousand Dollars and 00/100 Cents ($4,000.00) shall be paid by Old Rockdale to T. Robert Reid, LLC;

(vi) The gross sum of Four Thousand Dollars and 00/100 Cents ($4,000.00) shall be paid by Old Rockdale to Lisa J. Sowers, P.C.;

(vii) The gross sum of One Thousand Six Hundred Twelve Dollars and 06/100 Cents ($1,612.06) shall be paid by New Rockdale to T. Robert Reid, LLC;

(viii) The gross sum of One Thousand Six Hundred Twelve Dollars and 06/100 Cents ($1,612.06) shall be paid by New Rockdale to Lisa J. Sowers, P.C.

The portion of the total Settlement Amount allocated for Plaintiffs' attorneys' fees and to Plaintiffs for liquidated damages shall be reported on an IRS Form 1099 and the amounts allocated to Plaintiffs for wages shall be reported on an IRS Form W-2. All of these payments shall be made within fourteen (14) days of the receipt by an attorney of Old Rockdale or New Rockdale of an original of this release that is executed by both Campagna and Scoggins. Scoggins and Campagna shall execute four original agreements and each shall receive a fully executed original after signature by the representatives of Old Rockdale and New Rockdale.

(c) Plaintiffs knowingly and voluntarily forever settle, release, compromise, reach accord and satisfaction, waive, remise, discharge, and acquit individually, and jointly and severally, Old Rockdale, New Rockdale, the Hospital Authority of Rockdale County, Georgia, LifePoint and their predecessors, successors, purchasers, subsidiaries, assigns, affiliates, or parent and the officers, agents, directors, or employees of any of them, or any successors, purchasers, or predecessors of any of them (hereinafter collectively referred to as "Released Parties") from each and every claim which exists as of the date of this Agreement, whether known or unknown, or which Plaintiffs at any time hereafter may have, and specifically, those claims made in the Lawsuit, and any claim which they have or may hereafter arise against the Released Parties arising out of or relating to

their employment by any of Released Parties including, but not limited to the separation of said employment and any right or claim under federal or state law or any political subdivision thereof, including but not limited to Title VII of the Civil Rights Acts of 1964, which prohibits discrimination in employment based on race, color, national origin, religion or sex; the Americans with Disabilities Act, which prohibits discrimination in employment based upon physical or mental disabilities; the Age Discrimination in Employment Act, which prohibits discrimination on the basis of age; the Family and Medical Leave Act; the FLSA; and, any other federal, state or local laws or regulations prohibiting employment discrimination or protecting employee rights, as well as claims for other tortious or unlawful conduct, up to the date of the execution of this Agreement (the "Claims").

(d) Plaintiffs fully understand and agree that this Agreement may be pled by the Released Parties as a complete defense to any claim or entitlement which may be hereafter asserted by them or on their behalf in any suit, claim, or grievance proceeding against the Released Parties, for or on account of any matters or things up to and including the present time of execution hereof.

2. **No Future Employment.** Plaintiffs forever waive and relinquish any and all claim, right, or interest in reinstatement or future employment that they presently have or might in the future have with New Rockdale or its successors, parents, subsidiaries and related or affiliated entities. New Rockdale agrees to provide a neutral reference that only indicates Plaintiffs' former positions and dates of employment. New Rockdale also agrees that it will change the termination designations in Plaintiffs' employment records to indicate that Plaintiffs resigned and that it will not appeal or oppose any result in Campagna's unemployment proceedings.

3. **No Admission of Liability.** It is understood and agreed that this Agreement is in compromise of doubtful and disputed claims, and that this Agreement shall not in any way be construed as an admission by any Released Party, by whom liability is expressly denied, of a violation of any federal, state, or local statute or regulation.

4. **Confidentiality.** The parties agree to hold this Agreement, and the terms hereof, in strict confidence. Plaintiffs agree that they have not discussed or disclosed, and will not discuss or disclose, the existence of this Agreement, the contents of this Agreement, the details of this Agreement or the corresponding settlement of the Lawsuit, except as may be required by law. Plaintiffs specifically agree that they have not disclosed and will not disclose the existence of this Agreement or any of the details of this Agreement to any present, future, or former employees of any of the Released Parties. Notwithstanding the foregoing, Plaintiffs may disclose the existence of this Agreement or its details and the financial terms of

the Agreement to their spouse, attorneys, or tax advisors as needed and Released Parties may disclose the existence of the Agreement or its details to their attorneys or persons processing the payments under Paragraph 1. The parties agree that if asked about the status of the Lawsuit, they will only respond "The case is over." Moreover, the parties agree that this Agreement and the promises made by Plaintiffs as set forth in this Agreement are conditioned, in part, upon their compliance with Paragraphs 4 and 7 of this Agreement. Plaintiffs agree that Paragraphs 4 and 7 of this Agreement are essential and material terms of this Agreement and that no settlement could have been reached without such terms. If Plaintiffs are required to disclose this Agreement or its terms pursuant to court order and/or subpoena, Plaintiffs shall notify the Vice President of Human Resources, LifePoint Hospitals, Inc., 103 Powell Court – Suite 200, Brentwood, Tennessee 37027, Mark W. Peters, Waller Lansden Dortch & Davis, LLC, 511 Union Street – Suite 2700, Nashville, Tennessee 37219, and Laura French, Talley, French & Kendall, P.C., 1892 Ga. Hwy. 138, S.E., Conyers, Georgia 30013 in writing via facsimile or overnight mail, within twenty-four hours of their receipt of such court order or subpoena, and simultaneously provide each of them with a copy of such court order or subpoena. Plaintiffs agree to waive any objection to any request by Released Parties that the document production or testimony be done *in camera* and under seal.

     5. **Confidential Information**. Plaintiffs agree not to disclose to any person or entity any confidential, proprietary or trade secret information on or about any Released Party which they may have gained or had access to during the course of their employment or the Lawsuit, without the express written authorization and consent of the Released Parties.

     6. **Tax Liability**. Plaintiffs further agree that to the extent that any additional federal or state taxes of any kind may be due or payable as a result of the payment to them referred to in Paragraph 1 above, they will be responsible for the payment of such taxes and will hold the Released Parties harmless in the event of any claim for payment of such taxes.

     7. **Non-Disparagement and Non-Solicit**. Plaintiffs agree that they will hereafter refrain from making any remark or statement, whether verbal or in writing, except where required by law, that reasonably may be construed as disparaging to any of the Released Parties. Released Parties agree that management and Human Resources personnel involved in any discipline or counseling of Campagna or Scoggins of New Rockdale at the time of execution of this Agreement will hereafter refrain from making any remark or statement, whether verbal or in writing, except where required by law, that reasonably may be construed as disparaging to Plaintiffs. Plaintiffs further agree not to solicit or encourage any individual to bring a claim against Releasees.

8. **Compliance Program.** Plaintiffs represents that during the course of their employment with New Rockdale, they read and signed as having read, a copy of the Integrity Guidelines and Code of Conduct; that during the course of their employment they complied with the provisions of the Integrity Guidelines and Code of Conduct and that, with the exception of their claims in the Lawsuit, they are not aware of any violations by any director, officer, employee, agent of or consultant to Released Parties of any federal or state laws or regulations, including those related to governmental reimbursement programs or the fraud and abuse statutes and regulations.

9. **Voluntary Agreement.** Plaintiffs have read all of the terms of this Agreement, and understand that this Agreement releases the Released Parties forever from any legal action arising from their employment relationship with any of them and the termination of that relationship. Plaintiffs acknowledge that they have been advised to consult with an attorney before signing this Agreement and that they sign this Agreement of their own free will and in exchange for the consideration to be given, which is acknowledged to be adequate and satisfactory. Plaintiffs declare that they are competent to execute this Agreement.

10. **No Charges or Claims.** Plaintiffs represent that other than the Lawsuit, they have not filed any complaints, claims or charges against any of the Released Parties with any local, state or federal agency or court related to their employment by any of Released Parties, that they will not file any such complaints, claims or charges arising out of or relating to events prior to the execution of this Agreement, and that if any such agency or court assumes jurisdiction of any such complaint or charge against any of the Released Parties on behalf of Plaintiffs, they will request such agency or court to withdraw from the matter and that the complaint, claim or charge be dismissed. Upon execution of this Agreement, Plaintiffs and their attorneys shall cooperate with Released Parties and their attorneys in taking all steps necessary to obtain court approval of the settlement and cause the claims asserted in the Lawsuit to be dismissed with prejudice.

11. **Miscellaneous.**

(a)   This is the entire agreement between the parties and takes the place of any prior agreement, representation or promise, except as identified in this Agreement. The Agreement cannot be modified except in writing signed by both Plaintiffs and authorized representatives of Released Parties. If any provision of this Agreement is found to be unenforceable, all other provisions will remain fully enforceable.

(b)   This Agreement binds and inures to the benefit of Plaintiffs' heirs, administrators, representatives, executors, successors and assigns and binds and

inures to the benefit of all Released Parties and their respective heirs, administrators, representatives, executors, successors and assigns.

(c)   This Agreement shall be construed as whole according to its fair meaning. It shall not be construed strictly for or against any Released Party or Plaintiffs. Captions are intended solely for the convenience of reference and shall not be used in the interpretation of this Agreement.

(d)   This Agreement shall be governed by the laws of the State of Georgia.

**THE UNDERSIGNED FURTHER STATE THAT THEY HAVE CAREFULLY READ THE FOREGOING SETTLEMENT AGREEMENT AND RELEASE AND UNDERSTAND THE CONTENTS THEREOF, AND THAT THEY EXECUTE THE SAME OF THEIR OWN FREE ACT AND DEED.**

WHEREFORE, Plaintiffs voluntarily enter into this Agreement by affixing their signatures hereunto on the date set forth below.

<u>12-22-2010</u>     <u>/s/ Roger Campagna</u>
Date                   Roger Campagna


<u>12/22/10</u>         <u>/s/ Tim Scoggins</u>
Date                   Tim Scoggins


<u>1/3/11</u>           <u>/s/ Richard D. Simons</u>
Date                   Rockdale Medical Center, Inc.
                       Richard D. Simons, Chairman of the Board


<u>12/29/2010</u>       <u>/s/ Jonathan Wall</u>
Date                   Rockdale Hospital, LLC


4005806.3                        8